UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>v.<br><br>DAX DEALS, INC dba DAX DEALS, and<br>DAX YARBOROUGH, an individual;<br><br>      Defendants. | )<br>)<br>)<br>) Civil Action No. 5:17-CV-34-BR<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CONSENT JUDGMENT**<br>) **AND ORDER** |

This cause came on for consideration upon the parties' motion and consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants Dax Deals, Inc. dba Dax Deals and Dax Yarborough (referred to herein collectively as the "Defendants"), their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., hereafter referred to as the Act, in any of the following manners:

1. They shall not, contrary to §§7 and 15(a)(2) of the Act, 29 U.S.C. §§207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

2. They shall not, contrary to §§11(c) and 15(a)(5) of the Act, 29 U.S.C. §§211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. §516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall recover from Defendants back wages in the total amount of $6,196.97 plus liquated damages of $5,803.03 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages and post-judgment interest in the total amount of $12,000.00 due the employees for the periods and in the amounts set forth on Schedule "A" attached hereto.

To comply with this provision of this Judgment, Defendant will distribute such amounts to the named employees, or to their personal representatives, less required legal deductions for the employee's share of social security, Federal income tax, and State income tax, and will do so within sixty (60) days of the Court entering this consent judgment. The deductions from the amounts indicated for each employee for social security, Federal income tax and State income tax shall be paid by Defendants to the appropriate Federal and State revenue authorities. The private rights, under the Act, of any employee of Defendants not named in Schedule "A" or for periods of employment other than May 25, 2013 to May 30, 2015 shall not be terminated or otherwise adversely affected by this proceeding.

IT IS FURTHER ORDERED that, within 30 days after making such payments, Defendants will provide the Secretary with:

(1) One of the following proofs of payment for each payment made to each employee: a WH-58 signed by each employee; a copy of the cancelled check (front and back) for each employee; or electronic transfer evidence of payment from the bank to each employee.

(2) A check made payable to "Wage and Hour Division – Labor" for the total net amount of any checks for back wages that cannot be distributed to employees identified in Exhibit A, or to their estates, because of Defendants' inability to locate the proper person(s), or because of any such person's refusal to accept such sums. Defendants will provide the Secretary a schedule showing Defendants' employer I.D. number and the last-known address and Social Security number for each unpaid employee. After three years, any monies that have not been distributed because of inability to locate the proper persons or because of their refusal to accept payments shall be tendered to the Treasury of the United States as miscellaneous receipts.

Defendants shall not, under any circumstances, accept and keep any amount that was provided by a person owed back wages under this settlement agreement and then subsequently returned to the Defendants. Any such amount shall be immediately paid to the Secretary for deposit as above, along with a notification of the name of the person returning the back wages, and the Defendants shall have no further obligations with respect to such returned monies.

IT IS FURTHER ORDERED that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This  6  day of  June  , 2018.

_____
Senior UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Defendants consent to entry of the attached Consent Judgment:** | **Plaintiff moves for entry of the attached Consent Judgment** |
| Dax Deals, Inc. dba Dax Deals | KATE S. O'SCANNLAIN<br>Solicitor of Labor |
| By: Dax Yarborough<br>Title: Owner / President | STANLEY E. KEEN<br>Regional Solicitor |
| *[signature]*<br>Dax Yarborough | ROBERT L. WALTER<br>Counsel |
| | By: *[signature]* (by ARW)<br>AMY R. WALKER<br>Senior Trial Attorney<br>walker.amy@dol.gov |
| | Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |

SOL Case No. 16-00570

4

# Summary of Unpaid Wages
# SCHEDULE "A"

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Raleigh NC District Office<br>US Dept. of Labor, ESA, Wage & Hour Div<br>4407 Bland Road, Suite 260<br>Raleigh, NC 27609-6296<br>919-790-2741 | | Investigator:<br>Tobias Dillard<br><br>Employer Fed Tax ID Number: 26-3955838 | | | Date:<br>04/27/2018 |
|---|---|---|---|---|---|---|

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act | 6. LD Agreed eed | | Total |
|---|---|---|---|---|---|---|
| ELICK, MILLER | 4455 BRITON CIRCLE<br>FAYETTEVILLE, NC 28314 | 05/25/2013 to 05/30/2015 | FLSA | BW's ↓ | LD's ↓ | $3,804.18 |
| | | | | $1,964.53 | $1,839.65 | $3,804.18 |
| GRAVES, JAMIE | 1430 GENERAL LEE DRIVE<br>FAYETTEVILLE, NC 28305 | 05/25/2013 to 05/30/2015 | FLSA | | | $1,944.93 |
| | | | | $1,004.39 | $940.54 | $1,944.93 |
| HASLERIG, CHRISTOPHER | 921 ISSAC DOCK DRIVE<br>FAYETTEVILLE, NC 28314 | 05/25/2013 to 05/30/2015 | FLSA | | | $1,609.89 |
| | | | | $831.37 | $778.52 | $1,609.89 |
| MCGREGOR, LARRY | 1909 MCGREGOR DRIVE<br>RAEFORD, NC 28376 | 05/25/2013 to 05/30/2015 | FLSA | | | $2,285.51 |
| | | | | $1,180.27 | $1,105.24 | $2,285.51 |
| SKRUCK, PHYLLIS | 8733 COATS ROAD<br>LINDEN, NC 28356 | 05/25/2013 to 05/30/2015 | FLSA | | | $700.02 |
| | | | | $361.50 | $338.52 | $700.02 |
| TAYLOR, RENALDO | 140 WAYAH CREEK DRIVE<br>146-C<br>FAYETTEVILLE, NC 28314 | 05/25/2013 to 05/30/2015 | FLSA | | | $1,655.47 |
| | | | | $854.91 | $800.56 | $1,655.47 |

| I agree to pay the listed employees the amount due shown above by 09/04/2015<br><br>Signed: _____<br><br>Date: _____ | Employer Name and Address:<br>Dax's Deals<br>Dax's Deals, Incorporated<br>3301 Raeford Rd<br>Fayetteville NC 28303 | Subt: | $6,196.97 | $12,000.00 |
|---|---|---|---|---|
| | | Total: | | $12,000.00 |

Form WH-56A